UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

UNITED STATES S.D. COURTS; CITY
OF NEW YORK (HRA); N.Y.C. MTA;
CVR ASSOCIATES, INC.,

                Defendants.

19-CV-9693 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, has filed nearly thirty actions in this Court and has been directed to show cause why a prefiling injunction should not be entered barring her from filing future actions *in forma pauperis*.[1] In this action, Plaintiff is "asking the Court to do the right thing and throw out the person living in [her] house and give [her] keys to [her] house." (Compl. at 6.) By order dated October 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the

---

[1] *See Frost v. City of New York (HRA)*, No. 1:19-CV-8795, 5 (CM) (S.D.N.Y. Oct. 23, 2019) (Order of Dismissal, listing 27 cases); *Frost v. City of New York (HRA)*, No. 1:19-CV-9001, 5 (CM) (S.D.N.Y. Oct. 11, 2019) (Order of Dismissal and to Show Cause Under 28 U.S.C. § 1651).

Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Yvonne Frost makes the following allegations.

> This is an emergency. Two wrongs do not make a right. Making a deal(s) with another defendant would not fix the issues but create bigger problems. The foolishness taking place must stop now. It must stop. . . . [T]his sector of government is corrupted, they are the biggest bullies and very manipulative.

> Pass the ball, pass the ball, pass the ball stops right here. This order is not going to be directed back to a place it already was. Stop the foolishness. I saw 'you' via vision hugging each other. Is no 'deep roots' here this is my life on the line – my house.

> About 5:45 am this morning I passed a man at Park Place and Broadway with partial words "Human Rights." I have kicked that old ball down that very road many times before. I know you would have already done your home-work and knew I was there. . . . 'Deep roots – deep family.'

> The F.B.I was involved back then. The F.B.I. came in did the[ir] job and fired an offender in C.V.R. Associates. How come I pass my advance level examination with the F.B.I. and I keep struggling to pass the elementary level with the courts? The foolishness must stop.

> I am not making no side deals with no other defendants. Get your act together.
> The court is the one who has to do the right thing. Some people need security to
> come and throw them out. The ball stays right here. I am asking the court to do
> the right thing and throw out the person living in my house. . .
>
> Stop wasting my time – stop wasting my life . . . .

(Compl. at 5-8.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 29, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge